ANGIE BROWN, Respondent, v. CITY OF CAR-
THAGE, Appellant.

Springfield Court of Appeals, April 14, 1915.

1. DAMAGES: Personal Injuries: Negligence of City: Verdict Not Excessive, When. Action against defendant city for personal injuries occasioned by stepping in a hole in the street. Evidence and circumstances examined and injuries considered. A verdict for $2200 *held* not excessive nor indicative of prejudice on the part of the jury.

2. APPEAL AND ERROR: Prejudice of Jury: When Reversal Warranted. To warrant the appellate court in reversing a judgment on the ground that the jury was moved by prejudice, the facts and circumstances in proof ought not to justify any other conclusion.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Geo. W. Crowder* for appellant.

The jury's award of damages in this case is so disproportionate to the actual injury, as shown by the evidence, as to manifestly indicate prejudice on the part of the jury. Chalanda v. St. Louis Transit Co., 213 Mo. 244, 112 S. W. 249. (a) The plaintiff was entitled to just compensation and no more—she was not entitled to a capitalization of her injury nor to "get rich" by her misfortune. Shohoney v. Railroad, 231 Mo. 131, Ann. Cas. 1912 A. 1143. (b) In determining whether the action of the jury was prompted by prejudice the size of the verdict in its relation to the real injury should be the controlling factor—sentiment has no place. Shohoney v. Railroad, 231 Mo. 131, Ann. Cas. 1912 A. 1143. (c) The plaintiff is not entitled to any damages that might have been avoided by the exercise of ordinary care and diligence on her part in treating or caring for the injury of which she complains after it occurred. 13 Cyc. 76; Sandwich v. Dolan, 34 Ill. App. 199; Railroad v. Falvey, 104 Ind. 409; Allender v. Railroad, 37 Iowa, 264; McGarrahan v. New York, etc. Co., 171 Mass. 211, 50 N. E. 610; Railroad v. Whits, 101 Fed. 928, 62 L. R. A. 90.

*Howard Gray* for respondent.

(1) The verdict is not excessive. Hollenbeck v. Railroad, 141 Mo. 112; Waechter v. Railroad, 113 Mo. App. 270; Roe v. Met. St. Ry. Co., 131 Mo. App. 128. (2) In determining whether the verdict is excessive, the evidence most favorable to plaintiff should be considered, and it should be given its full probative force. Barree v. City of Cape Girardeau, 132 Mo. App. 182. (3) The verdict is not excessive when measured by verdicts upheld by the appellate courts of this State. McGuire v. Transit Co., 103 Mo. App. 459; Mitchell v. Railroad, 97 Mo. App. 411; Lorton v. Railroad, 159

Mo. App. 559; Johnson v. United Rys. Co., 166 S. W. 1105.

FARRINGTON, J.—The plaintiff below, who is respondent here, recovered a judgment against the defendant city which is a city of the third class for the sum of $2200. The city has appealed and contends that the judgment should be reversed and the cause remanded for another trial for the reason that "the jury's award of damages is so disproportionate to the actual injury, as shown by the evidence, as to manifestly indicate prejudice on the part of the jury."

That the city was negligent, and because of such negligence plaintiff was injured and damaged, is shown without doubt in the record of the case presented here. That there is liability is not questioned here, and therefore that point is not before us.

We rule against the appellant on its contention that the verdict was excessive or that there is sufficient evidence to the effect that the verdict was arrived at through prejudice on the part of the jury.

Briefly, the facts of the case are that the plaintiff in the evening about dusk had started to a picture show accompanied by her grandson, a lad about twelve years of age, and while crossing a street at a regular crossing on one of the principal streets of the city of Carthage, stepped in a hole in the crossing which had been caused by heavy rains and had been left in such condition for some time although the evidence shows the street commissioner's attention was called to the defect. She fell over on her grandson, and in doing so her foot hung or caught in the hole, bending the toes back so as to either fracture or so strain and stretch the tendons of the foot that control the toes as to leave her seriously and in all probability permanently injured. The evidence shows that she has suffered much pain and that she has been and will probably continue to be considerably disabled. After the injury she limped

on to the entertainment, being urged to do so by the little boy, but had to leave and go home before the show was over on account of the intense pain she was suffering. The evidence discloses that she applied the proper remedies, according to the testimony of physicians. For several weeks she was required to sit in a chair and hold her foot on a stool. Since she was injured, beginning soon thereafter, she consulted a number of physicians, and so far as we are able to see did all that her condition in life allowed her to do in carrying out their instructions. The evidence shows that she had to quit her house work, and that it was done for her by her grown daughter who was living at the place. It is true that some time after she was injured she walked out to where her mother resided, her mother being an aged woman whom plaintiff was looking after and taking care of in a home on a ten acre tract of land near the city. However, she had to have her mother move to town to her place as she was unable to continue her visits and attend to the things necessary to be done in taking care of the old lady.

Plaintiff did not file suit until about a year after the injury occurred, but explained this by saying that she at first thought her injury was not a serious one and if not she did not want to bring a suit. When the case was tried in the circuit court, over two years had elapsed from the time of the injury and her foot at that time was in bad condition—swollen—and she was crippled. The testimony of the physicians shows that it was a serious injury and that she probably would have recovered sooner had she broken her leg when she fell instead of straining and fracturing these tendons of the foot. There is sufficient testimony to show that it will be a permanent injury and cause her pain and much inconvenience.

Under the facts developed, the size of the verdict instead of warranting our condemnation meets with our approval. This makes it unnecessary to discuss

the cases cited in appellant's brief which show a state of facts to have existed which did not in the minds of the courts deciding them warrant the amount allowed. The evidence in this case falls far short of convincing us that the jury was moved by prejudice in its action; and to reverse a judgment on that ground, the facts and circumstances in proof ought not to justify any other conclusion. [Hollenbeck v. Railway Co., 141 Mo. l. c. 112, 38 S. W. 723, 41 S. W. 887; Waechter v. Railroad, 113 Mo. App. 270, 88 S. W. 147.] The discretion of the trial judge appears not to have been abused. [Roe v. Metropolitan St. Ry. Co., 131 Mo. App. 128, 110 S. W. 611.]

The judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.